IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., | C/A No. 4:25-cv-10454-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Hon. H. Steven DeBerry, Office of Disciplinary Counsel, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 25.] In the Report, the magistrate judge recommends summarily dismissing this matter because the defendants are entitled to immunity and because, based on the subject matter of this case, the court should abstain from deciding it. *Id.* at 2–3. Plaintiff objects to this recommendation. *See* ECF No. 10. But for the reasons below, the court adopts the Report and summarily dismisses the case.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report outlines the relevant facts and standards of law. [ECF No. 8.] This court incorporates those facts and standards in this order. To summarize, Plaintiff is suing a state court judge for denying various motions to proceed in forma pauperis in state court, and he is suing the Office of Disciplinary Counsel for failing to take "corrective action" as to that judge. [ECF No. 1.]

The magistrate judge recommends this court summarily dismiss this case. First, the magistrate judge notes that Defendant DeBerry should be dismissed based on judicial immunity. [ECF No. 8 at 2.] Additionally, the magistrate judge explains that this court should abstain from

1

considering issues concerning state court rulings. *Id.* at 2–3. Likewise, the Office of Disciplinary Counsel is subject to summary dismissal because it is immune from suit and because there is not federal review of state decisions regarding alleged judicial ethical violations. *Id.* at 3.

Plaintiff has filed objections to the Report. [ECF No. 10.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge has recommended summary dismissal of this action based on judicial immunity and abstention. The court addresses each of these issues below.

Defendant DeBerry is entitled to judicial immunity. Judges have immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). And "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")).

In his objections, Plaintiff asserts "[w]hen a judge's actions effectively block a litigant from presenting claims at all, that conduct implicates constitutional access-to-justice rights and falls outside the protections of judicial immunity." [ECF No. 10 at 1–2.] But he offers no case law to support this argument. The Supreme Court has established the following limited circumstances in which judicial immunity can be overcome: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.*

(internal citations omitted). Such limited circumstances are not present here. Accordingly, the court overrules Plaintiff's objection and dismisses the claims against Defendant DeBerry.

The court further finds that, as outlined in the Report, *Rooker-Feldman* abstention is appropriate here. [ECF No. 8 at 2–3.] The *Rooker-Feldman* doctrine prohibits United States district courts "with the exception of habeas corpus actions, from sit[ting] in direct review of state court decisions." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). In his objections, Plaintiff argues he is not asking the court to review a state court judgment but to recognize his constitutional right to meaningful access to the courts regardless of financial status. *See* ECF No. 10 at 2. If he is not asking for such relief, his case is still subject to dismissal for other reasons discussed here and in the Report. But to the extent his claims, broadly construed, ask this court to overturn state court judgments, it cannot do so under the *Rooker-Feldman* doctrine. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) ("*Rooker-Feldman* bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are 'inextricably intertwined' with state court decisions.").

Plaintiff further objects to the Report's conclusion that the Office of Disciplinary Counsel is subject to summary dismissal as its members are immune from suit and a plaintiff generally "'may not obtain federal court review of any state decisions regarding his complaints of alleged ethical violations by judges and attorneys.'" *See* ECF No. 8 at 3 (quoting *Thomas v. Charleston Cnty.*, No. 2:17-CV-1958-MBS, 2017 WL 11562553, at *10 (D.S.C. Sept. 5, 2017), *report and*

4

*recommendation adopted,* 2020 WL 5569766 (D.S.C. Sept. 15, 2020), *aff'd,* 2021 WL 5985565 (4th Cir. Dec. 17, 2021)). Plaintiff objects, arguing "[f]ederal courts have authority to review constitutional injuries arising from such systemic failures." [ECF No. 10 at 2.] But he offers no case law in support of this argument. Contrary to Plaintiff's position, other courts in this district have found claims against ethical boards for failure to take corrective action are not cognizable. *See Thomas*, 2017 WL 11562553, at *10 ("[H]is constitutional rights were not violated when his complaints of alleged ethical violations did not result in . . . the judges' censure or removal from office. Plaintiff has no constitutional right to control the state's investigation or the result in such proceedings."). His objection is overruled.

Finally, Plaintiff objects because he claims the Report fails to recognize "the repeated pattern of [his] attempts to seek relief." [ECF No. 10 at 2.] He argues denial-of-access claims have been recognized in Supreme Court cases, including *Bounds v. Smith*, 430 U.S. 817 (1977), and *Christopher v. Harbury*, 536 U.S. 403 (2002). But those cases are readily distinguishable from Plaintiff's. *Bounds* was a 42 U.S.C. § 1983 action brought by prisoners against prison administrators regarding the adequacy of law libraries. *See* 430 U.S. 817. *Christopher* was a *Bivens* action against federal officials by the widow of a Guatamalan citizen concerning the circumstances related to her husband's death. *See* 536 U.S. 403. To the extent those cases recognize denial-of-access claims, neither was brought against state judges or state judicial disciplinary boards. For the reasons above and in the Report, this case is subject to dismissal in its entirety.

Since the magistrate judge issued his Report, Plaintiff has filed a Motion to Expedite (ECF No. 14), a Motion for Issuance of Subpoena (ECF No. 15), a Motion for Judgment on the Pleadings (ECF No. 16), and a Motion for Early Discovery (ECF No. 17). Because this case is being summarily dismissed, the court dismisses those motions, as well.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 8, is adopted and incorporated. As a result, this action **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motion to Expedite (ECF No. 14), Motion for Issuance of Subpoena (ECF No. 15), Motion for Judgment on the Pleadings (ECF No. 16), and Motion for Early Discovery (ECF No. 17) are also **DISMISSED**.

    **IT IS SO ORDERED.**

September 23, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge